## No. 9466.

## KORTZ v. THE PEOPLE.

CRIMINAL LAW—*When Error Lies.* The accused was convicted of failure to support an illegitimate child. Upon his application the court accepted a bond conditioned for the support of the child. *Held* that under Sec. 6 of Chapter VI of the Acts of 1911 his writ of error must be dismissed. *Gougar v. Buffalo Co.*, 26 Colo. App. 8, does not warrant error in such case.

*Error to Yuma District Court, Hon. H. P. Burke, Judge.*

*Department Two.*

Mr. H. A. HICKS, for plaintiff in error.

Hon. VICTOR E. KEYES, attorney general, and Mr. WILLIAM R. RAMSEY, assistant, for the people.

Opinion by Mr. Justice Denison:

PLAINTIFF in error was convicted under the Act of 1911, S. L. 1911, c. 179, of failure to support his illegitimate child. The court, under sections 1 and 2 of that statute, in lieu of sentence to the penitentiary, accepted a bond conditioned that he should provide reasonable support and maintenance for the child.

The attorney general moves to dismiss the writ of error upon two grounds:

First: That this order is not a final judgment, decree or order, under section 6 of c. 6 of the Acts of 1911.

Second: That the order was made on the prisoner's motion, and that no exception was taken to it.

We do not find it necessary to decide the first ground of the motion.

As to the second ground, Session Laws 1911, chapter 6, section 6, contains the following:

"Writs of error shall lie from the Supreme Court to every final judgment, decree or order of any  *  *  * District Court  *  *  * in all actions, suits and proceedings,  *  *  * when *an exception* to such final judgment, decree or order *has been taken* within five days after the time of making and entering the judgment, decree or order."

The order now in question was made, as shown above, in lieu of a sentence, upon the motion of the prisoner's counsel, and no exception was taken thereto. It can not, therefore, be reviewed here.

It is forcibly urged by the counsel for plaintiff in error that he could not take an exception to an order entered on his motion, and that he could not take advantage of the privilege of such order without moving for it, and that if no writ of error would then lie, every person convicted under the act must submit to a prison sentence and lose that privilege or surrender the right of review in this court. Even if that were true, we are not prepared to say that it would necessarily follow that an order to which there was no exception might be reviewed here, but section 2 shows clearly that the court has power, with or without motion, to pass sentence and then suspend the enforcement thereof and permit the defendant to give a bond and remain at large as if no sentence had been passed. Such sentence would, without question, be a final judgment, exceptions could be taken thereto in the court below without inconsistency and it could be reviewed in this court.

The case of *Gougar v. Buffalo Co.*, 26 Colo. App. 8, 141 Pac. 511, cited by plaintiff in error to the proposition that this court will consider matters to which no exception has been taken, does not aid him. It does not hold that a writ of error will lie from this court to review a judgment to which no exception was taken, nor does it logically tend to such conclusion.

It seems to us that section 6 above quoted controls us and permits us to review only those orders to which an exception has been taken. The writ of error must be dismissed.

Writ of error dismissed.

Garrigues, C. J., and Scott, J., concur.